KENDRA EDWARD      *      NO. 2019-CA-0332

VERSUS      *

STEVEN BADIE      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2004-11354, DIVISION "H-12"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Allyson D. Tuttle
CATHOLIC CHARITIES/PROJECT SAVE
639 Loyola Avenue, Suite 1810
New Orleans, LA 70113

     COUNSEL FOR PLAINTIFF/APPELLEE, KENDRA EDWARD

Eric E. Malveau
Malveau Law Firm, LLC
3110 Canal Street
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/APPELLANT, STEVEN BADIE

     **APPEAL DISMISSED**

     **08/28/2019**

This appeal arises from a petition for protection from abuse. The trial court granted the petition, protecting the minor child of the parties from her father, the defendant. The father appealed contending that the trial court erroneously credited the testimony of the mother and the minor child.

We find that the appeal is moot, as the protective order expired prior to this Court's docket date. As we are prohibited from issuing advisory opinions, we dismiss the appeal.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Steven Badie and Kendra Edward were previously involved in a dating relationship, which resulted in the birth of the minor child, K.B.[1] Ms. Edward visited K.B. at school to bring her contact lenses when K.B. began to cry and informed her mother that her father was exhibiting abusive behavior toward her. Ms. Edward reported the accusations to the authorities.

In May 2018, Ms. Edward filed a Petition for Protection from Abuse on behalf of herself and K.B., seeking protection from Mr. Badie. The trial court dismissed the petition as to Ms. Edward, but granted protection from Mr. Badie to

---

[1] Initials are used to protect the identity of the juvenile.

K.B. The Protective Order was set to expire on July 27, 2019. The trial court also ordered Mr. Badie to attend twenty-six classes in the Batterers' Intervention Program. Mr. Badie's appeal followed, contesting the trial court's issuance of the Protective Order on behalf of K.B.

## MOOTNESS

Appellate courts are prohibited from issuing advisory opinions. The Louisiana Supreme Court provided that "[t]he jurisprudence of this Court is well settled that courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies." *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601, p. 8 (La. 10/20/98), 720 So. 2d 1186, 1193. Further,

> an issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *Perschall v. State*, 96-0322 (La.7/1/97), 697 So.2d 240; *Louisiana Associated Gen. Contractors, Inc.*, 669 So.2d at 1193; *American Waste & Pollution Control Co.*, 627 So.2d at 162. A case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Robin*, 384 So.2d at 405. If the case is moot, then "'there is no subject matter on which the judgment of the court can operate.'" *St. Charles Parish Sch. Bd.*, 512 So.2d at 1171 (citing *Ex parte Baez*, 177 U.S. 378, 20 S.Ct. 673, 44 L.Ed. 813 (1900)). That is, jurisdiction, once established, may abate if the case becomes moot.

*Id.*

The Protective Order was issued on July 27, 2018, and was ordered to expire on July 27, 2019. The original Motion for Devolutive Appeal was filed in August 2018. However, there were issues at the trial court with compiling the appellate court record. An Amended Motion for Appeal and Designation of Record was filed on January 31, 2019. The appeal was lodged with this Court on April 11,

2

2019. This Court then issued a Rule to Show Cause on April 15, 2019, as to why the appeal should not be dismissed as untimely because the original Motion for Appeal was not contained in the record. The record was then supplemented. Additionally, both Mr. Badie and Ms. Edward filed motions for an extension of time to file their respective appellate briefs. The matter was then placed on the next available docket (August) based on its expedited status. The record remained incomplete, as the judgment Mr. Badie sought review of, the granting of the Protective Order, was not contained in the record. The Clerk's Office at Orleans Parish Civil District Court was ordered to file a supplement on August 8, 2019.

On August 13, 2019, this Court issued a Rule to Show Cause as to why this matter should not be dismissed as moot because the Protective Order expired on July 27, 2019. This Court received no timely responses to the Show Cause order.[2] The Protective Order issued expired on July 27, 2019; therefore, we find that the issue is now moot. *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601, p. 8 (La. 10/20/98), 720 So. 2d 1186, 1193. Therefore, as we are prohibited from examining moot controversies, the appeal is dismissed.

### DECREE

For the above-mentioned reasons, we find that the matter has been rendered moot by the expiration of the Protective Order. Accordingly, the appeal is dismissed as moot.

**APPEAL DISMISSED**

---

[2] This Court received an untimely response to the show cause order on August 27, 2019 with no explanation as to the tardiness. As such, the response was not considered.